The STATE of Ohio, Appellant,

v.

. WIREMAN, Appellee.

[Cite as *State v. Wireman* (1993), 86 Ohio App.3d 451.]

Court of Appeals of Ohio,
Defiance County.

No. 4–92–25.

Decided Feb. 19, 1993.

*John T. Rohrs,* City Law Director, for appellant.

*E. Charles Bates,* for appellee.

EVANS, Presiding Judge.

This is an appeal by the state of Ohio from a judgment of the Municipal Court of Defiance granting appellee's motion to suppress evidence supporting the state's charge that appellee was driving while intoxicated in violation of R.C. 4511.19(A)(3). After conducting a hearing the court concluded "the State of Ohio [had] failed to sustain it's [*sic*] burden of proof and did not have probable cause to stop and detain the Defendant."

The state's single assignment of error reads:

"The trial court erred in finding that the appellee's motion to suppress evidence was well taken as it relates to the issue of probable cause to stop and detain the appellee."

 In order for a law enforcement officer to make a valid and constitutional stop of an automobile, there must exist a reasonable suspicion by the officer that a traffic law is being violated or that criminal activity is being carried on. *Berkemer v. McCarty* (1984), 468 U.S. 420, 439, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317. A law enforcement officer does not need "probable cause for an arrest" in order to make an investigative stop, but needs only "specific and articulable facts" warranting the officer's further investigation. *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 534 N.E.2d 906. In determining whether a traffic stop was proper, a reviewing court must view the stop in light of the totality of the surrounding circumstances. *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, paragraph one of the syllabus.

 Appellee's written motion filed with the trial court fails to challenge the propriety of the officer's investigative stop. Appellee's motion generally claims:

"The arresting officer did not have probable cause to make the arrest for the crime with which Defendant is charged or to detain the Defendant."

Appellee attempted to expound upon the basis for his motion at the suppression hearing by stating: "That being the case as the case is cited in the written memorandum, that the State would then have the burden of proof of going forward with the probable cause on the warrantless stop, detainment and arrest." Appellee's motion is inadequate to challenge the reasonableness of the initial stop and fails to conform to the specificity requirements of Crim.R. 47. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, and *Defiance v. Stafford* (Feb. 7, 1992), Defiance App. No. 4–88–10, unreported, 1992 WL 24864. In spite of the general, nonspecific form of appellee's motion and comments at the hearing, the state indicated it was sufficiently apprised as to the basis of the motion and was ready to proceed. In fact, the state did present sufficient evidence to meet its burden as to the initial stop of appellee even though appellee did not raise this ground in his motion to suppress.

"Probable cause to arrest" and "specific articulable facts" are two separate, distinct legal burdens which are not interchangeable. However, both parties in this case, as well as the trial court, misstate these concepts. Probable cause is not needed to stop a defendant suspected of violating a traffic law. Rather, an officer needs only "reasonable suspicion" supported by "specific and articulable facts" to make an initial stop.

In the present case the facts adduced at the hearing on the motion to suppress indicate that Lieutenant Combs pulled out of the lane of traffic and was sitting in his stopped patrol car when he observed appellee in his rear view mirror driving north on State Route 15 in the city of Defiance. As appellee drove by the patrol vehicle, the lieutenant observed appellee's car to be approximately three feet over the center line. Appellee stopped his car behind two others and waited for a train to finish crossing the road. In the meantime, the lieutenant contacted Trooper Schlegel and informed him about the vehicle and the driving-left-of-center violation. After the train passed and the gate was raised, appellee drove over the railroad tracks followed by the lieutenant. Appellee turned west onto Hopkins Street. Lieutenant Combs allowed Trooper Schlegel to pull in directly behind appellee. As Trooper Schlegel followed appellee's vehicle for a short distance he observed it go left of center two additional times in violation of R.C. 4511.25. Trooper Schlegel then stopped the vehicle for the left of center violation.

Once reasonable suspicion is found for an investigatory stop, an officer must then have probable cause to arrest a detainee. Upon speaking with appellee about his driving left of center, the trooper suspected the additional violation of driving while under the influence of alcohol. The trooper's observations of appellee coupled with appellee's poor performance on several field sobriety tests were the indicators which provided the trooper with probable cause to arrest appellee for driving while under the influence of alcohol.

Specific and articulable facts, not probable cause, are all that is required for an officer to make a reasonable stop of a motorist in order to investigate a traffic violation. Appellee's failure to drive within his lane of travel provided Trooper Schlegel with sufficient and articulable facts making the stop of appellee's vehicle reasonable. The assignment of error is sustained.

Having found error prejudicial to appellant, we reverse the judgment of the Municipal Court of Defiance and remand the cause for further proceedings.

*Judgment reversed*
*and cause remanded.*

HADLEY and THOMAS F. BRYANT, JJ., concur.