The STATE of Ohio, Appellee,

v.

MINIX, Appellant.

[Cite as *State v. Minix* (1995), 101 Ohio App.3d 380.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 94CA2026.

Decided Feb. 24, 1995.

*Stephen C. Rodeheffer,* for appellant.

*Richard G. Ward,* Ross County Prosecuting Attorney, and *Christine B. Hannan,* Assistant Ross County Prosecuting Attorney, for appellee.

HARSHA, Presiding Judge.

This is an appeal from a decision by the Juvenile Division of the Ross County Court of Common Pleas, denying the appellant's motion to terminate his license suspension. We reverse.

On September 27, 1990, the appellant, then seventeen years old, was involved in a serious car accident when he collided with another vehicle on U.S. Route 23. He was found to be at fault for the accident and was cited for a violation of R.C.. 4511.43, failing to stop at a stop sign. No other citations were issued to appellant.

The accident resulted in approximately $74,000 in personal injury and property damages to the various individuals involved in the collision. Appellant, however, was uninsured, and the injured parties thus recovered compensation through their own uninsured motorist coverage. The insurance companies forced to provide uninsured coverage eventually sued appellant and received a judgment against him for $74,000.

On October 12, 1990, appellant was brought before the Ross County Court of Common Pleas, Juvenile Division, as an alleged juvenile traffic offender. Appellant was found guilty of failing to stop at the stop sign, and a violation of R.C. 4509.101(A), driving without proof of financial responsibility. The judge thus found appellant to be a juvenile traffic offender, and fined him $25 and ordered him to pay $40.50 in court costs. The judge then suspended $10 of the $25 fine on the condition that appellant complete a Youthful Drivers Retraining Seminar. Additionally, as part of the sentence, the judge suspended appellant's driver's license "until proof of restitution is filed with the court."

In March 1992, appellant mailed a letter to the trial judge, requesting permission to drive to and from work. The request was denied on the grounds that he failed to file proof that he had paid the $74,000 he owed in restitution to the insurance company. Because he was unable to pay the debt, appellant filed for bankruptcy through his attorney, and received a discharge in bankruptcy on November 22, 1993. No creditors filed objections to appellant's receiving a discharge in bankruptcy.

On May 2, 1994, appellant's attorney filed a motion, again requesting that the judge return appellant's driving privileges. The motion stated that appellant needed driving privileges for work, that he had not driven since the accident in 1990, and that the insurance company's judgment against him had been discharged in bankruptcy without objection.

The motion came before a referee on an oral hearing on May 9, 1994. On May 10, 1994, the referee's report recommended that appellant's motion be denied.

On the same day, the trial judge adopted the referee's report as the court's order. Appellant then filed this appeal, alleging the following assignments of error:

Assignment of Error No. 1

"The Ross County juvenile court was without jurisdiction to continue the appellant's license suspension beyond the appellant's eighteenth birthday."

Assignment of Error No. 2

. "Continued imposition of the license suspension is contrary to the automatic stay provisions of Title 11, Section 362, U.S.Code of the Bankruptcy Reform Act."

■ Appellant's first assignment of error argues that the trial court did not have the jurisdiction to revoke his driving privileges beyond his eighteenth birthday. We agree.

The juvenile court has exclusive original jurisdiction over any child who is alleged to be a juvenile traffic offender. See R.C. 2151.23(A)(1). If the child is found to be a juvenile traffic offender, the court may make any of the orders listed in R.C. 2151.356. R.C. 2151.356 provides:

"(A) Unless division (C) of this section applies, if a child is found to be a juvenile traffic offender, the court may make any of the following orders of disposition:

"(1) Impose a fine not to exceed fifty dollars and costs;

"(2) *Suspend the child's probationary operator's license* or the registration of all motor vehicles registered in the name of such child for such period as the court prescribes;

"(3) *Revoke the child's probationary driver's license* or the registration of all motor vehicles registered in the name of such child;

"(4) Place the child on probation;

"(5) Require the child to make restitution for all damages caused by his traffic violation or any part thereof[.]" (Emphasis added.)[1]

■ The clear language of R.C. 2151.356 expressly authorizes a juvenile court judge to revoke a child's *probationary* operator's license. A probationary license is defined as "the license issued to any person between sixteen and eighteen years of age to operate a motor vehicle." R.C. 4507.01(A). It is thus clear that while a juvenile court may suspend or revoke a juvenile traffic offender's

---

**1.** We note that the original version of R.C. 2151.356 did not include the word "probationary" in the statute. Instead, the statute allowed a juvenile judge to suspend or revoke a child's "operator's license." However, the statute was amended, effective March 17, 1989, to state that a juvenile judge could suspend or revoke only a child's "probationary operator's license." See 1988 H.B. No. 643, Section 1, 142 Ohio Laws, Part III, 4702, 4706. The latter version of the statute was in effect when appellant was brought before the juvenile court.

probationary driver's license, a juvenile court may not suspend a driver's license beyond the offender's eighteenth birthday. R.C. 2151.356; *State v. Rice* (July 3, 1990), Lucas App. No. L–89–364, unreported, 1990 WL 97687 (juvenile court could not revoke driver's license beyond eighteenth birthday for violation of R.C. 4511.19).

The court in this case attempted to revoke appellant's driver's license until he made restitution. While a juvenile court may generally order restitution, the statute does not permit a judge to use a restitution order to suspend a license beyond that time proscribed by the statute. Clearly, a juvenile judge may suspend a driver's license only until the offender's eighteenth birthday, regardless of the status of the restitution order absent application of R.C. 2151.356(A)(7).[2]

As a result, we sustain appellant's first assignment of error and need not reach appellant's second assignment of error. See App.R. 12. Accordingly, the judgment of the trial court is reversed. Pursuant to App.R. 12, we enter final judgment that appellant is no longer restricted from making application for his driver's license.

*Judgment reversed.*

PETER B. ABELE and STEPHENSON, JJ., concur.

---

2. Our review of the record indicates that the court clearly did not proceed under R.C. 2151.356(A)(7) in this matter. This subsection applies when "the court finds upon further hearing that the child has failed to comply with the orders of the court and his operation of a motor vehicle constitutes him a danger to himself and others * * *."