**In re Eric W., Alleged Delinquent Child.**

[Cite as *In re Eric W.* (1996), 113 Ohio App.3d 367.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–95–074.

Decided Aug. 9, 1996.

*Charles A. Bowers,* Assistant Erie County Prosecuting Attorney, for appellee state of Ohio.

*Thomas M. Dusza,* for appellant Eric W.

---

*Per Curiam.*

Appellant, Eric W., was convicted in the Erie County Court of Common Pleas, Juvenile Division, of operating a motor vehicle after consuming alcohol while under the age of twenty-one, in violation of R.C. 4511.19(B)(2). A judgment entry was filed on September 11, 1995, in which the court adopted the referee's recommendations to impose fines and court costs and to suspend appellant's driver's license for six months. Appellant filed this appeal and presented the following assignments of error for consideration:

"Assignment of Error No. 1

"The trial court erred when it overruled Defendant–Appellant's motion to suppress, which motion asserted that the State of Ohio lacked the requisite probable cause to stop and arrest Defendant–Appellant for driving under the influence of alcohol.

"Assignment of Error No. 2

"The trial court erred when it found Defendant–Appellant guilty of driving under the influence of alcohol despite the State of Ohio's failure to comply with the applicable Department of Health regulations relative to the administration of the breath-alcohol test administered herein.

"Assignment of Error No. 3

"The trial court erred when it suspended Defendant–Appellant's driver's license for a period of 6 months when it was without jurisdiction to continue Defendant–Appellant's license suspension beyond the Defendant–Appellant's eighteenth birthday."

In support of his first assignment of error, appellant argues that no probable cause existed for the initial stop of his vehicle; therefore, the trial court should have suppressed all of the evidence obtained following the stop. This court has previously announced that our standard of review for motions to suppress requires us to "keep in mind that weighing the evidence and determining the credibility of the witnesses are functions of the trier of fact." *State v. Wright* (July 14, 1995), Sandusky App. No. S–94–024, unreported, 1995 WL 413139. We have also noted that if no error of law exists, factual findings of law made by the trial court that are supported by the evidence will not be overturned on appeal. *Id.* Finally, we note that an officer does not need probable cause to

make a traffic stop; reasonable suspicion based on specific and articulable facts that a traffic law is being violated or that criminal activity is occurring is sufficient to meet constitutional requirements. *State v. Wireman* (1993), 86 Ohio App.3d 451, 453, 621 N.E.2d 542, 543.

█ The testimony of the arresting officer at the hearing on the motion to suppress showed that he initially noticed appellant's car when he saw it swerve off the side of the road and nearly strike a bridge abutment. After he turned his police cruiser around so that he could follow the car appellant was driving, he saw that the car was weaving slightly within the lane. His years of experience led him to suspect that the erratic driving patterns he observed were caused by a driver who was under the influence of alcohol. When viewing the stop in the totality of the circumstances, *id.* at 453, 621 N.E.2d at 543, we conclude that the evidence supports the ruling of the trial court that the officer was justified in making the initial traffic stop in this case. The trial court did not err when it denied appellant's motion to suppress. Appellant's first assignment of error is not well taken.

█ In support of his second assignment of error, appellant presents two main arguments to show that his conviction for driving under the influence must be reversed because the state failed to prove compliance with regulations imposed by the Department of Health for the administration of a breath test. First, appellant argues that the state failed to establish that the senior operator of the breath-testing instrument possessed the requisite qualifications at the time the breath test was administered to appellant. Second, appellant argues that the evidence shows he was not observed for twenty minutes prior to the administration of the breath test.

R.C. 4511.19 states that when a bodily substance, including breath, is taken from a person suspected of driving under the influence, "[s]uch bodily substance shall be analyzed in accordance with methods approved by the director of health *by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code.*" (Emphasis added.) Appellant points out that the applicable Ohio Department of Health regulations require a senior operator to calibrate the breath machine at least once every seven days, and that all operations involving the breath machine be carried out under the supervision of a senior operator. Appellant argues that the evidence presented in this case fails to show that those requirements were met, because the evidence does not include a certificate for the senior operator that was in effect on the date appellant took the breath test that is at issue.

In this case, an officer took the stand and testified that he was a senior operator. A senior operator permit naming that officer was introduced into

evidence. However, the permit showed that the officer was qualified as a senior operator as of September 3, 1994. The breath test in question in this case was administered to appellant on August 8, 1994. Appellant did not object to the admission of the certificate. Instead, in a written closing argument appellant directed the trial court's attention to the certificate and argued that since it only showed that the officer was qualified as a senior operator after appellant took the breath test, the state failed to show substantial compliance with the Department of Health regulations.

Appellee contends that appellant waived any error regarding proof of the qualifications of the senior operator by not objecting to the introduction of the certificate that shows the senior operator was certified as of September 3, 1994, a date later than the date appellant took the breath test now at issue. However, since the certificate in question presented information that was irrelevant to appellant's case, as it showed that the senior operator was qualified at a date later than the date of appellant's test, appellant could choose the trial tactic of permitting the irrelevant information to be admitted into evidence so that the prosecution was not alerted to its problem regarding proof until the prosecution's case was already closed. The record shows that appellant did alert the trial court to the discrepancy in the dates when he filed a closing argument and that he asserted that the state failed to show that a qualified senior operator oversaw the calibration and testing of the breath machine used to test appellant's breath for alcohol content. Accordingly, appellant did not waive his argument by failing to present it in the trial court.

The issue, therefore, is whether the trial court erred when it found that the officer was a qualified senior operator at the time appellant took the breath test in question when there was no certificate introduced into evidence to show the officer had senior operator status in August 1994. Ohio courts have recognized that a copy of a certificate is not required to prove that an officer is qualified as a senior operator. *State v. George* (1994), 98 Ohio App.3d 371, 376, 648 N.E.2d 597, 600. The officer's testimony or other evidence can establish the officer's status as a senior operator. *Id.* at 376, 648 N.E.2d at 600. In this case, the officer testified that he was a senior operator, and the BAC Verifier Test Report Form that was admitted into evidence contains (1) the officer's signature on a line that is labelled in typewriting as "SENIOR OPERATOR'S SIGNATURE"; (2) a number on a line that is labelled in typewriting as "PERMIT No."; and (3) the date "9–3–96" on a line that is labelled in typewriting as "EXPIRES." The trial court therefore had reliable evidence showing that the officer was a senior operator at the time appellant's breath test was administered.

As to his second argument, appellant contends that he was not observed for a full twenty minutes prior to the administration of his breath test; therefore,

the test results are inadmissible. Ohio courts have held that substantial compliance with the requirement to observe a suspect for twenty minutes prior to administering a breath test is sufficient. *State v. Adams* (1992), 73 Ohio App.3d 735, 740, 598 N.E.2d 176, 179. As the Second District Court of Appeals has stated:

"The purpose of the observation rule is to require positive evidence that during the twenty minutes prior to the test the accused did not ingest some material which might produce an inaccurate test result. *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740. A witness who testifies to that foundational fact is not required to show that the subject was constantly in his gaze, but only that during the relevant period the subject was kept in such a location or condition or under such circumstances that one may reasonably infer that his ingestion of any material without the knowledge of the witness is unlikely or improbable. To overcome that inference, the accused must show that he or she did, in fact, ingest some material during the twenty-minute period. The 'mere assertion that ingestion was hypothetically possible ought not to vitiate the observation period foundational fact so as to render the breathalyzer test results inadmissible.' *Id.* at 192, 6 O.O.3d at 421, 370 N.E.2d at 743." *Adams,* 73 Ohio App.3d at 740, 598 N.E.2d at 179.

The testimony of the arresting officer in this case shows that he did go to a different room in the police station so that he could get the required paperwork for the breath test. However, he testified that he could see a monitor showing appellant, who was under video surveillance. He stated that only three seconds elapsed where he could not observe appellant in person or by video. The trial court could conclude from that testimony that it was unlikely or improbable that appellant ingested anything during that three seconds that would skew the test results and make them inadmissible.

The testimony in this case shows substantial compliance with the Department of Health regulations for administering a breath test. Appellant's second assignment of error is not well taken.

 In support of his third assignment of error, appellant contends that the trial court exceeded its authority when it ordered the suspension of his driver's license for six months. Appellant asserts that the trial court could not impose a suspension of his driver's license because by the time of sentencing, he had already turned eighteen. Appellee concedes that this court has previously ruled that a suspension of a juvenile's driver's license cannot be imposed past the juvenile's eighteenth birthday. *State v. Rice* (July 13, 1990), Lucas App. No. L–89–364, unreported, 1990 WL 97687. However, appellee urges this court to reconsider the issue and to abandon *Rice.*

For the following reasons, this court rejects the suggestion of appellee that the *Rice* holding should be abandoned. Appellant was convicted of violating R.C. 4511.19(B)(2), which prohibits a juvenile from driving when the juvenile "has a concentration of at least two-hundredths of one gram but less than ten-hundredths of one gram by weight of alcohol per two hundred ten liters of his breath * * *." Because appellant is a juvenile who was convicted of a violation of R.C. 4511.19(B), R.C. 2151.356(B) applies in this case. R.C. 2151.356(B) states:

"If a child is adjudicated a juvenile traffic offender for violating division (B) of section 4511.19 of the Revised Code, the court shall suspend the temporary instruction permit or probationary driver's license issued to the child for the *shorter* period of sixty days *or until the child attains eighteen years of age.*" (Emphasis added.)

The plain meaning of the language used by the legislature in R.C. 2151.356(B) is that the driver's license of a juvenile who violated R.C. 4511.19(B)(2) cannot be suspended by the common pleas court, juvenile division, past the juvenile's eighteenth birthday. This court first applied the plain meaning of the language in R.C. 2152.356 in *Rice, supra.* The holding in *Rice* was cited and followed by the Fourth District Court of Appeals when that court ruled that "while a juvenile court may suspend or revoke a juvenile traffic offender's probationary driver's license, a juvenile court may not suspend a driver's license beyond the offender's eighteenth birthday." *State v. Minix* (1995), 101 Ohio App.3d 380, 382–383, 655 N.E.2d 789, 790.

The case relied upon by appellee, *In re Tobin* (May 4, 1995), Licking App. No. 94 CA 111, unreported, 1995 WL 495305, is distinguishable. In that case, the juvenile was convicted for speeding. Therefore, the portion of the statute for the disposition of a juvenile traffic offender that was relied upon was a different portion than is at issue in this case. In *Tobin,* the court quoted R.C. 2151.356(A)(2), which provides that a court may "[s]uspend the child's probationary operator's license or the registration of all motor vehicles registered in the name of the child for the period that the court prescribes * * *." The *Tobin* court therefore did not apply the language found in R.C. 2151.356(B), which is applicable in the case at bar. Accordingly, appellant's third assignment of error is well taken.

The finding of the Erie County Court of Common Pleas, Juvenile Division, that appellant is guilty of the charge of violating R.C. 4511.19(B)(2) is affirmed. However, the orders suspending appellant's driver's license for six months and ordering him to pay a $50 fine and $50 in court costs is vacated, and this cause is remanded to the trial court for resentencing that is consistent with this decision.

Appellant and appellee are each ordered to pay one-half of the court costs of this appeal.

*Judgment accordingly.*

MELVIN L. RESNICK, P.J., HANDWORK and SHERCK, JJ., concur.