OPINION
This timely appeal arises from the judgment of the Southwest Area County Court of Columbiana County in which Appellant, Edward Gregory, pled no contest to driving while under the influence of alcohol, a violation of R.C. 4511.19(A)(1) and driving left of center, a violation of R.C. 4511.25. Appellant had previously filed a motion to suppress the results of his breathalyzer examination. It is the denial of that motion which forms the basis for this appeal. For the following reasons, this Court affirms the decision of the trial court denying Appellants motion to suppress.
On July 29, 1996, Trooper Alan Ogden of the Ohio State Highway Patrol was parked in his patrol car observing traffic on State Route 7 in Columbiana County. A vehicle travelling east on Route 7 passed Trooper Ogden's car. After the vehicle passed, Trooper Ogden followed. As the cars proceeded east at approximately 45 miles per hour, Trooper Ogden observed Appellant's vehicle cross left of the road's center line twice. Additionally, Trooper Ogden's report reveals that the vehicle crossed the center line again as another vehicle approached from the west. At this point, Trooper Ogden stopped the vehicle west of State Route 7 on East Liverpool Road in Madison Township.
Trooper Ogden approached the vehicle, asked Appellant for his license, and explained why the vehicle was stopped. During the ensuing conversation, Trooper Ogden detected a strong odor of alcohol coming from Appellant. Trooper Ogden asked Appellant to exit the vehicle and conducted a series of field sobriety tests. After Appellant failed the sobriety tests, Appellant was placed under arrest and informed of his Miranda rights. At approximately 12:01 a.m., Appellant was directed to sit in the right front seat of the police cruiser. Trooper Ogden asked Appellant if Appellant had anything in his mouth and Appellant indicated he did not. After arriving at the Patrol Post, Appellant read and signed consent forms to submit to a breath test. At 12:30 a.m., Appellant submitted to the breath test with a result of .156%.
Appellant was arraigned and entered a not guilty plea on August 2, 1996 in Southwest Area County Court of Columbiana County. On September 20, 1996, Appellant filed a motion to suppress the results of the breath test. The relevant portion of this motion alleged that Appellant was not observed for the required twenty minutes prior to the breath test being administered and that the required radio frequency interference (RFI) survey had not been performed.
In anticipation of the hearing on the motion to suppress, the State subpoenaed Trooper Ogden. The subpoena required Trooper Ogden to appear at the hearing with documentation relating to the RFI survey, calibration of the breath test machine and the operator's certificates. At the time of the scheduled hearing, however, Trooper Ogden was unable to produce the requested documents. The hearing was subsequently continued to October 18, 1996.
At this hearing, Trooper Ogden testified that he had observed Appellant for the required twenty minutes and that an RFI survey had been performed on February 6, 1996. The RFI survey results were admitted into evidence. Trooper Ogden further testified that to his knowledge there had been no repairs to the machine that would require a new RFI.
Appellant testified that Trooper Ogden did not observe him for the entire twenty minute period and on at least two occasions during the required twenty minute period Appellant could not see Trooper Ogden. Appellant also testified that he did not put anything into his mouth or ingest any substance during this twenty minute period.
On October 22, 1996, after hearing testimony and reviewing the evidence, the court overruled Appellant's motion to suppress. On November 6, 1996, Appellant changed his plea to no contest, was found guilty and sentence by the court. Appellant timely filed a notice of appeal with this Court on November 22, 1996.
Appellant presents one assignment of error that provides as follows:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS SINCE THE STATE OF OHIO FAILED TO MEET ITS BURDEN OF PROVING COMPLIANCE WITH OHIO HEALTH DEPARTMENT REGULATIONS RELATING TO THE BAV DATAMASTER MAINTENANCE AND RFI SURVEY RECORDS."
Appellant's motion to suppress and the appeal before this Court allege that Trooper Ogden did not observe Appellant for the required twenty minutes prior to the breath test being administered. Appellant further contends that the State failed to show that no repairs to the BAC Datamaster were made to necessitate a new RFI survey.
With respect to motions to suppress, this Court's standard of review on appeal is whether the trial court's findings are supported by competent, credible evidence. State v. Lloyd (April 15, 1998), Belmont App. No. 96 BA 31, unreported, citing State v.Winand (1996), 116 Ohio App.3d 286, 288. Deference is given to the trial court's findings of fact because, "in a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v.Hopfer (1996), 112 Ohio App.3d 521, quoting State v. Venham
(1994), 96 Ohio App.3d 649, 653. However, once those facts are accepted as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard. Statev. Williams (1993), 86 Ohio App.3d 37, 41, citing State v. Dreher
(July 28, 1992), Highland App. No. 786, unreported, at 5.
R.C. § 3701.143 authorizes the Director of Health to promulgate regulations concerning chemical analysis of a person's blood, urine, breath, or other bodily substances for the presence of alcohol. These regulations are codified in Ohio Adm. Code §3701-53-02. Appellant takes issue with two sections of the Administrative Code. First, that the person being tested must be observed for twenty minutes prior to the test to ensure that nothing is orally ingested during that time. Ohio Adm. Code §3701-53-02 (B), Appendices A-F. Secondly, the Administrative Code requires an RFI survey to be performed any time the machine is subject to certain types of repairs or an internal component is replaced. Ohio Adm. Code § 3701-53-02(C)(2)(e).
Appellant argues that the State has the burden at a suppression hearing to show, "complete and total compliance" with the statute related to the administering of breath tests. As Appellant challenges two separate and distinct elements of the State's duty, each will be addressed in turn.
A. Twenty Minute Observation Period
Appellant contends that his motion to suppress should have been granted because Trooper Ogden did not continuously observe him for the required twenty minutes. Trooper Ogden testified that he began observing Appellant at 12:01 a.m. when he placed Appellant in the police cruiser. He stated under oath that Appellant did not appear to have anything in his mouth at that time. He further testified that he arrived at the police station and administered the test at 12:30 a.m. and that Appellant never left his presence during this time.
At hearing, Appellant disputed Trooper Ogden's recollection and testified that Trooper Ogden left him alone at least once and as many as three times for approximately one minute each time.
It is clear that appellate courts defer conflicts in the evidence to the trier of fact who had the opportunity to hear witnesses and observe their demeanor. State v. Awan (1986),22 Ohio St.3d 120, 123. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its judgment for that of the trier of fact." Id.
In this case, the trial court sitting as trier of fact found Officer Ogden's testimony more credible than that of Appellant. As the trial court had the opportunity to hear both of these witnesses and observe their demeanor, this Court will not disturb the trial court's judgment.
It is important to emphasize that even if the trial court had found Appellant's testimony more credible than that of Trooper Ogden, Appellant would still not prevail. Notwithstanding Appellant's contention that the State had a duty to prove, "total and complete" compliance with the applicable regulations governing breath tests, the State could satisfy its burden by demonstrating substantial compliance with Ohio Adm. Code §3701-53-02. State v. Beard (March 26, 1996), Athens App. No. 95-CA-1685, unreported (emphasis added), citing State v. Plummer
(1986), 22 Ohio St.3d 292. Absent a showing of prejudice to a defendant, the results of an alcohol test administered in substantial compliance with the Ohio Administrative Code are admissible into evidence in a DUI case. Id. See also, In re EricW. (1996), 113 Ohio App.3d 367 (holding that State substantially complied with twenty minute requirement even though there was brief period of time where defendant was not observed)
The purpose of the twenty minute observation requirement is to ensure that the defendant does not ingest any substance that will skew the breath test results rendering those results inadmissible. Id, citing State v. Steele. (1977),52 Ohio St.2d 187. When there is testimony from a witness supporting an inference that it would be unlikely or improbable for the accused motorist to ingest anything during the twenty minutes prior to administering the breath test, the motorist must present evidence that he, in fact, did ingest some substance during that period and a mere assertion that ingestion was hypothetically possible will not render the results inadmissible. Id.
In this case, our analysis is not burdened by even a hypothetical chance that Appellant ingested a substance during the twenty minute observation period. Appellant specifically testified at the suppression hearing that he did not ingest anything or put anything in his mouth during the required twenty minute period. Thus, the alcohol test results would be admissible in evidence even if the trial court had accepted the facts as asserted by Appellant. See Beard, supra.
As such, there was competent and credible evidence to support the trial court's judgment that the State substantially complied with the twenty minute observation period.
B. RFI Survey
Appellant next argues that since the State could not produce all the repair records from the time of the most recent RFI survey of February 6, 1996 until the date of Appellant's breath test on July 30, 1996, the State could not show that there had been no repairs that would require a new RFI survey. Ohio Adm. Code 3701-53-02 (C) provides:
"(2) A new RFI survey shall be conducted when:
 (e) Any electronic component of the instrument is changed, other than replacement of parts with original equipment replacement parts or factory-authorized replacement parts meeting the same specifications as the original parts."
Trooper Ogden, pursuant to a subpoena, produced the maintenance records for the breath testing equipment, for the period encompassing May 24, 1996 through August 5, 1996. The last RFI survey was conducted on February 6, 1996. Appellant argues that without the maintenance records for the period of time between February 6, 1996 and May 24, 1996, the State has not met their burden of showing that no repairs took place that would require a new RFI survey prior to Appellant's breath test.
Appellant is seeking to force the State to prove a negative, i.e., that there were no repairs performed on the machine that would require a new RFI. A similar issue was addressed in Statev. Paterson (March 23, 1994), Montgomery App. No. 14073, unreported. In that case, a police officer testified that repairs had been made to the testing equipment since the last RFI survey but he did not know what kind of repairs were made or what the problem had been with the testing equipment. The court held that this testimony, without more, was insufficient to put into issue whether the repairs were the type contemplated by Ohio Adm. Code § 3701-53-02(C)(2)(e) which lists those reasons for requiring a new RFI survey. Id.
Mere conclusory allegations in a motion to suppress that the breath testing procedure was deficient does not satisfy the factual particularity requirement of Crim.R. 47. When there is no evidentiary support for a contention that repairs were made that would necessitate a new RFI, it is clear that the burden of proof does not shift and the State does not have to establish thenon-occurrence of repairs. Id. The RFI survey that was produced pursuant to subpoena and admitted into evidence was sufficient verification of substantial state compliance with the regulations codified in Ohio Adm. Code § 3701-53-02 (C). State v. Gaietto
(Sept. 25, 1992), Seneca App. No. 13-92-12, unreported.
Based on the record before us we find that there was competent and credible evidence supporting the trial court's finding of substantial compliance with the applicable regulations regarding the admissibility of the breathalyzer results. As such, we find Appellant's sole assignment of error to be without merit and affirm the judgment of the trial court denying Appellant's motion to suppress.
Vukovich, J., concurs.
Cox, P.J., concurs in judgment only.
APPROVED:
 __________________________ CHERYL L. WAITE, JUDGE