ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the court of common pleas, oral argument of counsel and the briefs.
The Rocky River Municipal Court found defendant George Papandreas guilty of driving with a prohibited concentration of alcohol in his breath based on the results of a Breathalyzer test showing his breath alcohol level at .197 when tested. Defendant's two assigned errors collectively challenge the court's refusal to suppress the results of his Breathalyzer test because the officers did not wait an extra twenty minutes to retest him after an initial test resulted in an invalid sample reading.
Rocky River police responded to a citizen call that a car driven by defendant had careened off the road and skidded to a stop on the tree lawn. When the police arrived, they found defendant sleeping in the front seat of the car. They took photographs of the scene and managed to awake him only by shaking him. Defendant failed virtually all of the field sobriety tests administered to him.
The police took defendant to the police station and observed the required twenty minute observational/oral deprivation period before administering the breathalyzer test. When they administered the Breathalyzer test they received an error code stating "invalid sample." The officers administered the test a second time five minutes later. This time, the results showed defendant had a breath alcohol level .197. The parties agree that during the five minute period between the tests, defendant did not ingest any alcohol or other substance.
Defendant asked the court to suppress the results of the breathalyzer on grounds that the police should have waited an additional twenty minute period before readministering the breathalyzer test after the initial test showed an error code. Defendant presented the testimony of an expert witness who claimed the twenty minute waiting period is designed to eliminate any alcohol that might be in the subject's mouth. The expert said that "mouth alcohol" can falsely elevate the subject's reading on the Breathalyzer. A magistrate denied the motion to supress by finding defendant had been under observation throughout both tests, and that the five minute wait between the first and second breath tests did not present any opportunity for defendant to have further alcohol in his mouth. The court approved these findings and entered a guilty verdict.
Defendant's primary argument is that the officers should have waited a full twenty minutes between the first test (with its invalid sample reading) and the second test. He claims that strict compliance with the DUI laws must mean that a twenty minute waiting period must be observed before every test, regardless of the circumstances.
Ohio Adm. Code 3701-53-02 (B) states that "[b]reath samples shall be analyzed according to the operational checklist for the instrument being used." The operational checklist, which is part of the BAC Verifier Test Report Form (see Appendix A), provides the "methods approved by the director of health" for the operation of the BAC Verifier. The first item on the operational checklist is to "observe subject for twenty minutes prior to testing to prevent oral intake of any material."
In Bolivar v. Dick (1996), 76 Ohio St.3d 216, the court stated:
 It is clear that the focus of this item is "to prevent oral intake of any material" and not to ensure that a certified operator does the observing. See State v. Steele (1977), 52 Ohio St.2d 187. Further, under the holding of State v. Plummer
(1986), 22 Ohio St.3d 292, at paragraph one of the syllabus, "the results of a urine-alcohol test administered in substantial compliance with Ohio Adm. Code 3701-53-05 are admissible in a prosecution under R.C. 4511.19."
Defendant's argument is flawed from the outset because the courts do not require strict compliance with regulations relating to breathalyzer testing procedures — the courts merely require substantial compliance. See id.
Substantial compliance was demonstrated in State v. Azcona
(Mar. 6, 1998), Athens App. No. 97 CA 21, unreported, where the court considered an identical issue concerning the failure to wait an additional twenty minutes before retesting after an initial test failed. The court found no evidence to show that Azcona ingested any substance between the invalid first test and the second test, so it concluded the purpose of the twenty minute waiting period had not been violated. See, also, State v. Matlack
(Nov. 2, 1995), Athens App. No. 95CA1658, unreported.
In this case, the evidence showed that defendant did not ingest any substance during the wait between the first and second test. Having waited twenty minutes for the first test with no ingestion of any substance, there is no meaningful possibility that the additional five minute wait without the ingestion of any additional substance could have affected the validity of the retest.
Defendant argues we should give great deference to the unrebutted testimony of his expert, who testified that an "invalid sample" result on a breathalyzer test should be treated as though alcohol is present in the mouth of the testing subject. The expert maintained an additional twenty minute waiting period would eliminate any possibility that the accuracy and reliability of the breath test could be called into question. In reaching this opinion, the expert noted that current regulations promulgated by the Ohio Department of Health's Bureau of Alcohol and Drug Testing now provide that testers should wait an additional twenty minute period. This new regulation went into effect about one month before the suppression hearing, but five months after defendant's arrest and test.
We can reject defendant's argument on grounds that he would have us make the absurd holding that substantial compliance in this case would require police officers to adhere to regulations that were not yet in force at the time defendant took the breath test. As a pure matter of following established regulations, there is no question the police had no duty to readminister the breath test at the time of arrest.
Of course, our determination that the police did not need to observe an additional twenty minute waiting under the circumstances is not intended to undermine the department of health's current regulation nor render those regulations a dead letter. We do not, and cannot, challenge the wisdom of administrative regulations. But we recognize that by adopting the new regulations requiring retesting, the department of health could, out of an abundance of caution, require testers to observe an additional twenty minute period after receiving an invalid sample result out of an abundance of caution. This new regulation should not be interpreted as suggesting any flaw with the prior policy in use at the time of the breath test in this case. Instead, we view the new policy as manifesting the department's desire to curtail endless disputes which, no matter how unfounded, sometimes intermeddle with the orderly disposition of breath testing.
In any event, we think the expert's methodology is flawed because it lacks an inherent logical consistency. There are two important givens in this case: first, the twenty minute waiting period is intended to eliminate the possibility that the testing subject did not skew the test by ingesting any material orally; second, the parties agree the police did wait the twenty minute period during which time defendant did not put anything into his mouth. Because the police complied with established testing procedures in effect at the time of the breath test, defendant bore the burden of casting doubt on the reliability of the test results by showing he ingested something. See In re Eric W.
(1996), 113 Ohio App.3d 367.
Taking the expert's testimony at face value, these two facts suggest that something other than mouth alcohol must have caused the invalid sample result. If the twenty minute waiting period is a sufficient time for mouth alcohol to evaporate (the expert conceded it would ordinarily take only three to five minutes for mouth alcohol to evaporate) and if there is no question that defendant did not ingest any substance during that intial waiting period, the invalid test result necessarily suggests that something other than mouth alcohol caused the invalid sample code. Had there been no error code, defendant could not be heard to complain that officers should have waited an additional period of time, for the twenty minute waiting period is more than sufficient to permit mouth alcohol to evaporate. With no other variable to plug into this equation (that is, evidence that something had been ingested), the additional waiting period would serve no purpose and remove no doubts. Employing the expert's own logic, we find the officers had no reason to wait another twenty minutes before readministering the breath test. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. CONCURS.
 DIANE KARPINSKI, J., DISSENTS. SEE DISSENTING OPINION ATTACHED.
 ______________________ JOHN T. PATTON JUDGE