JOURNAL ENTRY AND OPINION
{¶ 1} The state appeals the decision of the juvenile court which granted R.K.'s[1] motion to reconsider the denial of a motion to terminate multiple indefinite suspensions of driving privileges and ordered that R.K.'s right to apply for a driver's license be restored.
 {¶ 2} During 1991 and 1992, R.K., who was a minor under eighteen years of age, was found to be a juvenile traffic offender in nine traffic cases. As a result, the juvenile court imposed multiple indefinite suspensions, fines, and court costs. In particular, the juvenile court ordered indefinite suspensions of R.K.'s driving privileges until the court costs and fines were paid in full. The juvenile court indicated the fines and costs totaled $779.50, while R.K. maintains the amount is $1,585.[2]
 {¶ 3} In 1999, after turning 21 years of age, R.K. filed a motion to vacate the payment of court costs and fines. R.K. argued that he was indigent and that the juvenile court did not have jurisdiction over him, since he was no longer under eighteen years of age. The juvenile court denied R.K.'s motion. In 2004, after again petitioning the court, the juvenile court reversed its earlier decision and granted R.K.'s request captioned as "Motion to reconsider denial of a motion to terminate multiple indefinite suspensions of driving privileges." The trial court ordered that R.K.'s right to apply for an operator's license be restored provided that R.K. follow the procedures and make the payment of any reinstatement fees to the Ohio Bureau of Motor Vehicles. The state appealed, assigning two assignments of error.
 {¶ 4} The state's first assignment of error states:
 {¶ 5} "The trial court erred by concluding that a juvenile court does not have continuing jurisdiction to enforce orders previously entered into prior to a juvenile's twenty-first birthday when the juvenile contemptuously defies an order of the court."
 {¶ 6} The state contends that the juvenile court has continuing jurisdiction over R.K. to enforce its prior orders and require the payment of court costs and fines as a condition precedent to obtaining a driver's license, despite the fact that R.K. is now over the age of twenty-one.[3] We disagree.
 {¶ 7} The statutes in effect at the time the original suspensions were ordered into effect were R.C. 2151.02 (which defined a juvenile traffic offender), R.C. 2151.356 (which concerned dispositions of juvenile traffic offenders), and R.C.2151.38 (which concerned the duration of juvenile court jurisdiction). Effective January 1, 2002, R.C. 2151.356 (which allowed the suspension or revocation of a child's driver's license with no specific maximum time limit on the duration of the suspension), was repealed.
 {¶ 8} Prior to R.C. 2151.356 being repealed, R.C. 2151.38
provided that:
"[A]ll other dispositional orders made by the court shall betemporary and shall continue for a period that is designated bythe court in its order, until terminated or modified by the courtor until the child attains the age of twenty-one years of age."
 {¶ 9} The original R.C. 2151.356 was later recodified at R.C.2152.21, but specifically limited the suspension of a child's driver's license to two years. Under the new R.C. 2152.21(A)(2), if a child is adjudicated a juvenile traffic offender, the court may:
"Suspend the child's driver's license, probationary driver'slicense, or temporary instruction permit for a definite periodnot exceeding two years or suspend the registration of all motorvehicles registered in the name of the child for a definiteperiod not exceeding two years. A child whose license or permitis so suspended is ineligible for issuance of a license or permitduring the period of suspension. At the end of the period ofsuspension, the child shall not be reissued a license or permituntil the child has paid any applicable reinstatement fee andcomplied with all requirements governing license reinstatement."
 {¶ 10} Further, R.C. 2152.22 recodified portions of the original R.C. 2151.38 and now provides "* * * all other dispositional orders made by the court under this chapter shall be temporary and shall continue for a period that is designated by the court in its order, until terminated or modified by the court or until the child attains twenty-one years of age."
 {¶ 11} In addition, R.C. 2152.02(C)(6), effective January 1, 2002, states:
"The juvenile court has jurisdiction over a person who isadjudicated a delinquent child or juvenile traffic offender priorto attaining eighteen years of age until the person attainstwenty-one years of age, and, for purposes of that jurisdictionrelated to that adjudication, a person who is so adjudicated adelinquent child or juvenile traffic offender shall be deemed achild until the person attains twenty-one years of age."
 {¶ 12} Here, the juvenile court found R.K. to be a juvenile traffic offender and indefinitely suspended his driving privilege, or at least conditioned such suspension on R.K.'s payment of court costs and fines under R.C. 2151.356, the law in place at the time.
This court has previously held that the juvenile court "lacked the authority to revoke appellant's driver's license for life under any section of R.C. 2151.355." In re Weber (Apr. 17, 1989), Cuyahoga App. No. 55937. In a similar case, the Second Appellate District also rejected a lifetime suspension of a juvenile license noting: "None of the provisions in R.C. Chapter 2151 permits the permanent lifetime revocation of a juvenile's operator's license and, therefore, the court did commit error in permanently revoking Finlaw's operator's license." In reFinlaw, (1990), 69 Ohio App.3d 474. In a similar case involving a juvenile probationary license suspension based on an unpaid restitution order later discharged in bankruptcy, the Fourth District Court of Appeals held: "It is thus clear that while a juvenile court may suspend or revoke a juvenile traffic offender's probationary driver's license, a juvenile court may not suspend a driver's license beyond the offender's eighteenth birthday, pursuant to § 2151.356." State v. Minix (1995), 101 Ohio App.3d 380. The imposition of indefinite license suspensions where an offender fails to pay fines and costs is analogous to lifetime suspension.
 {¶ 13} The state's reliance on both In re Cox (1973),36 Ohio App.2d 65, and In re J.B. (1995), Ohio Misc.2d. 63, is misplaced. These cases involve a narrow exception dealing with offenders seeking to avoid the jurisdiction of the court. In the instant case, R.K. subjected himself to the court's jurisdiction, but later failed to pay the fines and costs in a timely manner.
 {¶ 14} Here, the juvenile court acknowledges that the original order was determined under the former Chapter 2151; however, it states that "in light of the fact that the Court is determining jurisdiction at this time, Chapter 2152 governs the issue."
 {¶ 15} We need not address the question of whether the repeal of R.C. 2151.356 and its recodification at R.C. 2152.22, or the adoption of 2151.02 (C)(6) are to be retroactively applied. The language in R.C. 2151.38, which was in place at the time of the original court orders, limits the jurisdiction of the court to "twenty-one years of age." Thus, even at the time of the original orders, the juvenile court did not have the authority to impose indefinite driving suspensions beyond R.K.'s twenty-first birthday.
 {¶ 16} Further, while the suspension orders were in place under former law, the issue of the court's jurisdiction is to be determined under current law. Absent a specific statute that extends jurisdiction beyond the age of twenty-one years, such as in R.C. 2152.13 and 2151.14 or R.C. 2151.82 to 2151.85, Chapter 2152 limits jurisdiction over previously entered orders to the age of twenty-one years.
 {¶ 17} We are also not persuaded by the assertion that R.K.'s failure to pay fines and costs amounts to contempt. The record is devoid of any attempt by the juvenile court or the state to initiate contempt proceedings under R.C. 2151.21 against R.K. over the failure to pay. Additionally, there is no evidence in the record that the juvenile court or the state made any effort to collect the costs as a civil judgment. "Any litigant involved in court proceedings becomes liable, by implied contract, for the payment of court costs if taxed as part of the court's judgment."In re Buffington (1993), 89 Ohio App.3d 380, citing Strattmanv. Studt (1969), 20 Ohio St.2d 95, 103. In the instant case, the juvenile court even acknowledged some responsibility for the collection of costs, noting: "[T]he court must share some responsibility for the continuous nature of R.K.'s failure to pay the fines and costs. It is the opinion of this magistrate that the Court has some responsibility to enforce its own orders. In this case, there is no evidence that R.K. absconded, thus giving the Court approximately three to four years to deal with R.K.'s contempt prior to his reaching the age of twenty-one years."
 {¶ 18} We agree with the trial court that it has some responsibility to enforce its own orders. For the above reasons, we overrule the state's first assignment of error.
 {¶ 19} The state's second assignment of error claims:
 {¶ 20} "The decision of the trial court is contrary to public policy in that it denies continuing jurisdiction in situations where the court enters an order prior to the juvenile's twenty-first birthday and the juvenile contemptuously defies that order."
 {¶ 21} The state contends that one of the purposes of the juvenile court system is to "hold the offender accountable for the offender's action." R.C. 2151.01(A). The state asserts that the failure to extend jurisdiction would encourage non-compliance, and public policy demands compliance with an original court order.
 {¶ 22} We are very cognizant of the need for offenders to be held accountable and to compel respect for court orders. We are also aware of the purpose behind the existence of juvenile courts. Juvenile courts are legislatively created courts of limited jurisdiction. In re: Taylor Darling, Wayne App. No. 03CA0023, 2003-Ohio-7184. Whether we view juvenile courts as institutions of rehabilitation or punishment is not controlling. Here, it is undisputed that R.K. failed to discharge his responsibilities by paying the fines and costs imposed, but it is equally clear that the jurisdiction of the juvenile court to maintain indefinite license suspensions over R.K. ended when R.K. reached twenty-one years of age. See R.C. 2152.02(N) and2152.21(A).
 {¶ 23} Further, we are aware of the importance of a valid driver's license in today's society and the impact indefinite juvenile suspensions have on adults in our community. While public policy dictates that juvenile offenders should be held accountable, even the process of accountability, at some point, must end. We see no compelling reason to create a judicial exception to the legislatively imposed limits on juvenile court jurisdiction in order to satisfy the state's need to seek absolute compliance. The damage to young adults unable to obtain a valid driver's license is well documented in both this record and in the community in general.[4]
 {¶ 24} Lastly, we see no need for additional juvenile court proceedings that would only create further impediments to license reinstatements where the suspension reported to the Ohio Bureau of Motor Vehicles arises from the failure to pay juvenile court fines and costs and the subject of the suspension has reached twenty-one years of age.
 {¶ 25} For the above reasons, both assignments of error raised by the state are overruled and the juvenile court's order granting appellee's motion to reconsider and restoring appellee's right to obtain his driver's license is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Sweeney, J.,* Concur.
[1] Under Section 7(b) of the Standing Resolution-1976 of the Eighth District Court of Appeals it is the policy of the court not to disclose in its opinions the identity of any child, party, victim or witness in any juvenile division case. The R.K. reference is to the initials of the appellee.
[2] It is not known if the figure used by R.K. includes the reinstatement fees of the Ohio Bureau of Motor Vehicles.
[3] As of the date of this opinion, R.K. is a 30-year-old adult. Because of the ongoing suspensions from juvenile court, he has never held a valid driver's license as an adult.
[4] The record reflects that at least 6,681 persons aged twenty-one years or older have had their driving privileges indefinitely suspended by the Cuyahoga County Juvenile Court. A disproportionate number involve those from low-income socio-economic backgrounds.
* Sitting by assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.