[Cite as *State v. Houck*, 2011-Ohio-6359.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellant

-vs-

GARY L. HOUCK

      Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 11-CA-49

O P I N I O N

CHARACTER OF PROCEEDING:      Appeal from the Licking County Municipal
Court, Case No. 11-TR-C-00619

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 8, 2011

APPEARANCES:

For Plaintiff-Appellant

For Defendant-Appellee

J. MICHAEL KING
Assistant Prosecutor
City of Pataskala
35 South Park Place, Suite 35
P.O. Box 4010
Newark, Ohio 43058-4010

ROBERT E. CALESARIC
35 South Park Place, Suite 150
Newark, Ohio 43055

*Hoffman, P.J.*

{¶ 1} Plaintiff-Appellant the State of Ohio appeals the April 21, 2011 Judgment Entry of the Licking County Municipal Court granting the motion to suppress evidence filed by Defendant-appellee Gary L. Houck.

STATEMENT OF THE CASE AND FACTS

{¶ 2} On January 23, 2011, Appellee Gary Houck was charged with OVI, in violation of R.C. 4511.19(A)(1)(a) and (d) and a marked lanes violation, in violation of R.C. 4511.33.

{¶ 3} On February 17, 2011, Appellee filed a motion to suppress the results of his breath test. On March 3, 2011, filed a supplemental motion to suppress challenging the underlying traffic stop.

{¶ 4} At the suppression hearing, Ohio State Highway Patrol Trooper Lanning testified to observing Appellee's vehicle pull from a side street onto State Route 16 in the City of Pataskala, Licking County, Ohio. He noticed the vehicle travelled under the posted speed limit, and swerved back and forth within its lane of travel. He testified at one point the vehicle crossed the yellow center line, at which point he then proceeded to conduct a traffic stop. Trooper Lanning's vehicle was equipped with a video recording device mounted next to the rear view mirror. Trooper Lanning testified the picture quality is not very good, and not "nearly as good as the human eye." The video does not demonstrate Appellee's vehicle crossing the center line.

{¶ 5} Via Judgment Entry of April 21, 2011, the trial court granted the motion to suppress finding Appellee did not commit a marked lanes violation.

{¶ 6} The State of Ohio now appeals, assigning as error:

{¶ 7} "THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANT-APPELLEE'S MOTION TO SUPPRESS."

{¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶ 9} Appellee asserted in the motion to suppress the officer lacked a reasonable articulable suspicion to initiate a traffic stop herein.

{¶ 10} In *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091, the Supreme Court of Ohio followed the decision of the United States Court of Appeals for the Sixth Circuit in *United States v. Ferguson* (C.A.6, 1993), 8 F.3d 385, and held:

{¶ 11} "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity."

{¶ 12} In this case, the video tape introduced at trial affirmatively demonstrates Appellee's vehicle did not appear to swerve back and forth and does not appear to drive left of center. The video reveals the roadway is wet, snowy and slushy in spots and the berm is covered with snow. At one point in the video, Appellee approaches a pedestrian walking toward his vehicle on the south berm in the snow and slush, and Appellee could have acted as a reasonable driver and gave way to the left for the safety of the pedestrian. The trooper admits seeing the pedestrian on the video, but denies seeing him prior to the stop.

{¶ 13} In *State v. Lloyd* (1998), 126 Ohio App.3d 95, the Seventh District addressed the issue raised herein, holding:

{¶ 14} "It is established law that 'an officer does not need probable cause to make a traffic stop; reasonable suspicion based on specific and articulable facts that a traffic law is being violated or that criminal activity is occurring is sufficient to meet constitutional requirements.' *In re Eric W., Alleged Delinquent Child* (1996), 113 Ohio App.3d 367, 369–370, 680 N.E.2d 1275, 1276, citing *State v. Wireman* (1993), 86 Ohio

App.3d 451, 453, 621 N.E.2d 542, 543–544; see, also, *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673–674.

**{¶ 15}** "The crux of Appellee's argument is that the stop at issue was pretextual. [Citation omitted.]   However, generally, an officer's observation of a traffic violation or erratic driving justifies an investigative stop. *State v. Johnson* (1995), 105 Ohio App.3d 37, 40, 663 N.E.2d 675, 677, citing *State v. Lowman* (1992), 82 Ohio App.3d 831, 837, 613 N.E.2d 692, 695–696, and *State v. Hilleary* (May 24, 1989), Miami App. No. 88–CA–5, unreported, 1989 WL 55637. The Supreme Court of Ohio has held that the validity of an investigative stop must be viewed in light of the totality of the surrounding circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489, 490–491. Moreover, in reviewing a determination as to the reasonableness of a stop, an appellate court must give due deference to the police officer's training and experience. *State v. Andrews* (1991), 57 Ohio St.3d 86, 88, 565 N.E.2d 1271.

**{¶ 16}** "In Ohio, when a driver commits only a *de minimis* marked-lanes violation, there must be some other evidence to suggest impairment before an officer is justified in stopping the vehicle. See *State v. Gullett* (1992), 78 Ohio App.3d 138, 145, 604 N.E.2d 176, 180–181. In *Gullett,* the Fourth District Court of Appeals concluded that the mere crossing of an edge line on two occasions did not constitutionally justify the stop. Similarly, this court has held that where there is no evidence of erratic driving, 'other than what can be considered as insubstantial drifts across the lines,' there is not sufficient evidence to justify an investigative stop. *State v. Drogi* (1994), 96 Ohio App.3d 466, 469, 645 N.E.2d 153, 155. However, as discussed above, under certain circumstances, an incident or incidents of crossing lines in the road may give a police

officer reasonable suspicion to stop a vehicle, depending on those factors that indicate the severity and extent of such conduct. *Id.; State v. Johnson,* 105 Ohio App.3d at 40, 663 N.E.2d at 677."

{¶ 17} When reviewing the traffic stop in the case sub judice under the totality of the circumstances, we agree with the trial court the officer did not have a reasonable, articulable suspicion upon which to base the initial stop of Appellee.  Accordingly, Appellant's sole assignment of error is overruled.

{¶ 18} The April 21, 2011 Judgment Entry of the Licking County Municipal Court is affirmed.

By: Hoffman, P.J.

Delaney, J. concurs,

Farmer, J.  dissents

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY

*Farmer, J., dissents*

{¶19}  I respectfully dissent from the majority's view that Trooper Lanning lacked a reasonable articulable suspicion to engage in the traffic stop.

{¶20}  Although there may be an alternative reason for appellant swerving, Trooper Lanning testified he did not observe a pedestrian on the side of the road.  The test is not what we now know, but what the trooper believed at the time that led him to make the stop.

{¶21}  This test is subjective; however, the existence of another reason for the erratic driving does not negate Trooper Lanning's opinion.  Because the stop was predicated on Trooper Lanning's observation of a de minimis violation, I would find a reasonable suspicion of criminal activity was established.

{¶22}  I would grant the assignment of error and remand the matter to the trial court for further disposition.

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                            :
                                         :
    Plaintiff-Appellant                  :
                                         :
-vs-                                     :               JUDGMENT ENTRY
                                         :
GARY L. HOUCK                            :
                                         :
    Defendant-Appellee                   :               Case No. 11-CA-49


For the reason stated in our accompanying Opinion, the April 21, 2011 Judgment

Entry of the Licking County Municipal Court is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY