OPINION
Defendant-appellant, Douglas G. Elliott, Jr., appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, suspending his driver's license for four months.
Elliott's date of birth is July 6, 1980. On May 24, 1998, Elliott was stopped on U.S. 22 in Warren County and issued a citation for speeding in violation of R.C. 4511.21(C), to wit: traveling at fifty-five m.p.h. in a forty-five m.p.h. zone. This was Elliott's third moving violation in a two-year period. Following a bench trial before a magistrate, Elliott was adjudicated a juvenile traffic offender for speeding. In a decision filed on November 25, 1998, the magistrate found she had the authority to suspend Elliott's driver's license even though Elliott was already eighteen years old and thus no longer a juvenile. By entry filed March 11, 1999, the trial court approved and adopted the magistrate's decision. Elliott's driver's license was subsequently suspended for four months starting in April 1999. This timely appeal follows in which Elliott raises two assignments of error.
In his first assignment of error, Elliott argues that the trial court erred in suspending his driver's license. Elliott asserts that the trial court did not have jurisdiction to suspend his driving privileges beyond his eighteenth birthday. We disagree.
A juvenile court has exclusive original jurisdiction over any child who is alleged to be a juvenile traffic offender. R.C.2151.23(A)(1). Upon adjudicating a child as a juvenile traffic offender, a juvenile court may "[s]uspend the child's probationary operator's license * * * for the period that the court prescribes[.]" R.C. 2151.35.6(A)(2). Elliott asserts that because a probationary license is defined as a "license issued to any person between sixteen and eighteen years of age to operate a motor vehicle[,]" R.C. 4507.01(A), it necessarily follows that a juvenile court may not suspend a driver's license beyond the offender's eighteenth birthday. Elliott cites three cases in support of his assertion, to wit: In re Eric W. (1996), 113 Ohio App.3d 367, State v. Minix (1995), 101 Ohio App.3d 380, and In reMason (Dec. 24, 1997), Summit App. No. 18414, unreported.
At the outset, we find Eric to be distinguishable from the case at bar. In that case, the juvenile was convicted of operating a motor vehicle after consuming alcohol while under the age of twenty-one in violation of R.C. 4511.19(B). As a result, the portion of the statute for the disposition of a juvenile traffic offender that was relied upon, to wit: R.C. 2151.35.6(B), was a different portion than is at issue in the case at bar, to wit: R.C. 2151.35.6(A)(2). Unlike R.C. 2151.35.6(A)(2), R.C. 2151.35.6(B) specifically provided that "[i]f a child is adjudicated a juvenile traffic offender for violating [R.C.4511.19(B)], the court shall suspend the * * * probationary driver's license issued to the child for the shorter period of sixty days or until the child attains eighteen years of age."Eric thus did not apply R.C. 2151.35.6(A)(2), which is applicable in the case at bar, and its holding is therefore inapplicable here.
Both Minix and Mason held that a juvenile court may not suspend or revoke a driver's license beyond the offender's eighteenth birthday. Both holdings were solely based on the definition of a probationary license as a license issued to any person between sixteen and eighteen years of age. We find this reasoning incomplete and unpersuasive.
Unlike R.C. 2151.35.6(B), R.C. 2151.35.6(A)(2) clearly grants a juvenile court "broad discretion in determining the suspension [of a child's probationary license] and moreover does not limit in any fashion the court's competence to render orders subsequent to the child's eighteenth birthday." In re Tobin (May 4, 1995), 1995 Ohio App. LEXIS 3756, at *3-4, Licking App. No. 94 CA 111, unreported. While R.C. 4507.01(A) provides the time period during which a probationary license may be issued, it does not indicate when the license expires or lapses. R.C. 4507.09(B), on the other hand, clearly provides that "[e]very driver's license * * * issued to an applicant who is sixteen years of age or older, but less than twenty-one years of age, expires on the twenty-first birthday of the applicant * * *." R.C. 4507.01(A), in turn, defines "driver's license" as including probationary license.
The statutes at issue here are not ambiguous. Based on their clear language, we find that a probationary license does not necessarily terminate automatically upon one's reaching the age of eighteen and that, therefore, a juvenile court has the authority to suspend or revoke a juvenile traffic offender's probationary license beyond the offender's eighteenth birthday. "[T]he * * * argument — that due to the offender's commission of traffic offenses prior to his eighteenth birthday the license remains probationary until sentencing — accords with the notion that the juvenile court has wide jurisdiction to sentence alleged juvenile offenders who have reached the age of majority." In re Tobin, 1995 Ohio App. Lexis 3756, at *5, unreported.
We therefore hold that the trial court did not err in suspending Elliott's driver's license beyond his eighteenth birthday. Elliott's fist assignment of error is overruled.
In his second assignment of error, Elliott argues that the trial court erred in retroactively applying newly amended R.C. 2151.35.6 in violation of R.C. 1.48 and the United States and Ohio Constitutions. R.C. 2151.35.6 was amended effective January 1, 1999 and now provides that upon adjudicating a child a juvenile traffic offender, a juvenile court may suspend or revoke the child's driver's license, probationary driver's license, or temporary instruction permit.[1] See R.C. 2151.35.6(A)(2) and (3).
A review of the magistrate's decision clearly shows that it relied on Tobin and not on the newly amended R.C. 2151.35.6 in finding that the juvenile court had authority to suspend Elliott's probationary driver's license beyond his eighteenth birthday. The magistrate's reference to the newly amended statutory provision was a mere annotation that effective January 1, 1999, the legislature had changed the wording of the statute and in doing so, had "taken any possible ambiguity out of R.C. 2151.35.6(A)(2) and (3)[.]" Elliott's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] We note that also effective January 1, 1999, the "registrar of motor vehicles shall suspend the probationary driver's license * * * issued to any person when the person has been convicted of, pleaded guilty to, or been adjudicated in juvenile court of having committed, prior to the person's eighteenth birthday, * * * [t]hree separate violations of * * * [R.C.] 4511.21 * * *." R.C. 4507.16.2(A)(1).