[Cite as *State v. Sanders*, 2017-Ohio-319.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EDWARD SANDERS | : | Case No. 2016CA00108 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Canton Municipal
Court, Case No. 2016TRC00683


JUDGMENT:  Affirmed


DATE OF JUDGMENT:  January 26, 2017


APPEARANCES:

For Plaintiff-Appellee

TASHA FORCHIONE
218 Cleveland Avenue, SW
Canton, OH 44702

For Defendant-Appellant

TROY REEVES
142 East Main Street
Suite 200
Kent, OH 44240

*Farmer, P.J.*

{¶1} On January 21, 2016, Ohio State Highway Patrol Trooper Jason Halstead observed a vehicle with one operating brake light and crossing over the centerline. Trooper Halstead stopped the vehicle being operated by appellant, Edward Sanders. As a result of the stop, appellant was charged with operating a motor vehicle under the influence in violation of R.C. 4511.19(A)(1)(a) and (h) and driving in marked lanes in violation of R.C. 4511.33.

{¶2} On February 15, 2016, appellant filed a motion to suppress, claiming an illegal stop. A hearing was held on March 15, 2016. By judgment entry filed March 17, 2016, the trial court denied the motion, finding reasonable suspicion to stop the vehicle.

{¶3} On May 6, 2016, appellant pled no contest to one of the OVI charges and the marked lanes violation. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, all but twenty days suspended.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "THE ARRESTING TROOPER DID NOT HAVE THE NECESSARY REASONABLE, ARTICULABLE BASIS TO CONDUCT AN INVESTIGATORY STOP OF THE APPELLANT THEREBY VIOLATING HIS RIGHT TO BE FREE FROM UNREASONABLE SEARCH AND SEIZURE PROTECTED BY THE OHIO AND UNITED STATES CONSTITUTIONS."

II

{¶6}    "PER THE DOCTRINE OF THE FRUIT OF THE POISONOUS TREE, THE TROOPER HAD NO PROBABLE CAUSE FOR THE DETENTION OF THE APPELLANT, NOR PROBABLE CAUSE TO ARREST HIM FOR OVI.   WHEREFORE, HIS CONVICTION MUST [BE] REVERSED AND HIS MOTION TO SUPPRESS GRANTED."

I, II

{¶7}    Appellant claims the trial court erred in denying his motion to suppress, as Trooper Halstead lacked a reasonable suspicion of criminal activity to warrant an investigatory stop and therefore, any evidence obtained after the stop should have been suppressed.  We disagree.

{¶8}    As recently stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact."  *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992).  On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).  Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the

conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶9}    As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶10}  In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest."  However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  *Id.* at 21.  Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer.  *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶11}  In its March 17, 2016 judgment entry denying the motion to suppress, the trial court found the following:

> Trooper Halstead testified that the speed limit on S.R. 43 was 55 mph in that area and that Trooper Halstead had been operating his cruiser at the speed limit.  Trooper Halstead was unable to estimate defendant's speed at the time he began pulling away from the trooper.  Trooper Halstead did give his opinion that the defendant's speed was in excess of the speed

limit as he was pulling away from the trooper.  Trooper Halstead initiated a traffic stop.  It was necessary for the trooper to use both his lights and siren to stop the defendant.

The video of the stop was played during the suppression hearing. Prior to viewing the video of the stop, Trooper Halstead testified that he did not recall how much over the line the defendant traveled.  The video shows the defendant's vehicle traveling on the center line.  Trooper Halstead agreed that, after viewing the video, the defendant's right brake light was still working, but was dimmer than defendant's left brake light.

The Court finds there was reasonable suspicion for the stop of the defendant's vehicle based upon the marked lanes violation.  The Court further finds that, as the defendant is operating his vehicle, he is drifting back and forth in the lane.  He also operated his vehicle at a speed greater than the speed limit of 55 mph.

{¶12} The central issue is whether Trooper Halstead observed sufficient driver error to rise to the level of reasonable suspicion of criminal behavior.

{¶13} Ohio courts have generally recognized that reasonable suspicion does not equate to probable cause or to the higher standard of beyond a reasonable doubt. *State v. Mays,* 119 Ohio St.3d 406, 2008-Ohio-4539.  "The test is not what we now know, but what the trooper believed at the time that led him to make the stop." *State v. Houck,* 5th Dist. Licking No. 11-CA-49, 2011-Ohio-6359, ¶ 20 (Farmer, J., dissenting).  This court has held that any traffic violation, even a de minimis violation, may form a sufficient basis

for reasonable suspicion to stop a vehicle. *State v. Bangoura,* 5th Dist. Licking No. 08 CA 95, 2009-Ohio-3339, ¶ 14, citing *State v. McCormick,* 5th Dist. Stark No. 2000CA00204, 2001 WL 111891 (Feb. 2, 2001). As explained by our brethren from the Tenth District in *State v. Smith,* 10th Dist. Franklin No. 13AP-592, 2014-Ohio-712, ¶ 10:

> "Reasonable suspicion entails some minimal level of objective justification, 'that is, something more than an inchoate and unparticularized suspicion or "hunch," but less than the level of suspicion required for probable cause.' " *State v. Jones,* 188 Ohio App.3d 628, 2010-Ohio-2854, ¶ 17 (10th Dist.), quoting *State v. Jones,* 70 Ohio App.3d 554, 556-57 (2d Dist.1990). In evaluating reasonable suspicion to support the propriety of a traffic stop, a reviewing court must consider the totality of the circumstances surrounding the stop as " 'viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.' " *McCandlish* [*State v.,* 10th Dist. Franklin No. 11AP-913, 2012-Ohio-3765], at ¶ 7, quoting *State v. Andrews,* 57 Ohio St.3d 86, 87-88 (1991).

{¶14} Through the gift of technology, appellate courts can scrutinize the reasonable suspicion articulated by an officer initiating a stop. However, this does not give appellate review "carte blanche" in determining factual issues. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990).

{¶15}  In this case, the videotape of the stop was played during the suppression hearing.  State's Exhibit 1.  Trooper Halstead provided a dialogue and description of his observations while the videotape was shown.  T. at 14-19.  The videotape is grainy and taken in the dark, with the glare of oncoming headlights.  Trooper Halstead stopped appellant's vehicle after following him and observing a cross-over on the centerline.  In fact, one such lane movement occurred when an approaching vehicle was in the opposite lane.  Trooper Halstead was positive the right brake light was nonfunctional prior to stopping appellant, but upon review, admitted his observation was incorrect, as the light was functioning, but dim.  T. at 21.  Trooper Halstead told appellant he was stopped because of the brake light being out and the lane crossing.  T. at 33.

{¶16}  Trooper Halstead believed there was driver error to effectuate the stop.  We find such belief is sufficient to rise to the level of reasonable suspicion.

{¶17}  Upon review, we find the trial court did not err in denying the motion to suppress.

{¶18}  Assignments of Error I and II are denied.

{¶19} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.


SGF/sg 110