OPINION
{¶ 1} Defendant-appellant, Lamar N. Dorsey ("appellant"), appeals from the June 24, 2004 judgment and sentence of the Franklin County Court of Common Pleas, based on his convictions for carrying a concealed weapon, having a weapon while under disability and possession of cocaine with an accompanying firearm specification. For the reasons that follow, we affirm.
 {¶ 2} By indictment filed April 12, 2004, appellant was charged with one count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree; two counts of robbery, in violation of R.C. 2911.02, felonies of the second and third degree; two counts of aggravated burglary, in violation of R.C. 2911.11, felonies of the first degree; two counts of felonious assault, in violation of R.C. 2903.11, felonies of the second degree; and one count of menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree. Each count included a firearm specification pursuant to R.C. 2941.145, and stemmed from the alleged assault and robbery of Charmaine Scott ("Scott") on December 18, 2003 and December 20, 2003.
 {¶ 3} Appellant was also charged in the indictment with one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the fourth degree; one count of carrying a concealed weapon, in violation of R.C. 2923.12, a felony of the fourth degree; and one count of having weapons while under disability, in violation of R.C. 2923.13, a felony of the fifth degree. The possession of cocaine count included a firearm specification pursuant to R.C. 2941.141. These counts in the indictment arose out of a traffic stop which occurred on April 3, 2004.
 {¶ 4} Appellant's case proceeded to trial on June 18, 2004. The facts adduced at trial that are relevant to this appeal consist of the following. Columbus Police Officer Ronald Haynes testified he was working patrol on April 3, 2004, when he first observed appellant in a black Pontiac at the intersection of Parkwood and Denune Avenues. Haynes testified appellant was driving the car and Trey Long ("Long") and John Gibson ("Gibson") were in the passenger seat and back seat of the car. Haynes stopped appellant for a traffic violation at the corner of Cleveland Avenue and Eleventh Avenue in Franklin County, Ohio. When he was stopped, appellant told Haynes his name was Curtis Canty ("Canty"). Haynes went back to the police cruiser to run a computer photo check on the name Canty, and determined that appellant's description did not match the computer image. Thereafter, Haynes arrested appellant and impounded the car.
 {¶ 5} During an inventory search of the car, Haynes found a loaded Hi-Point 9mm firearm wedged inside a piece of carpet between the console and the passenger seat. The firearm was in close proximity to the gear shift. The price tag on the firearm was from Vance's Shooting Supply. Haynes testified that no one went to Vance's Shooting Supply to obtain further information about the firearm. Statements were obtained from Long and Gibson, and they were "eventually" released from the scene. (Tr. at 263.)
 {¶ 6} The parties stipulated to the following: (1) Columbus Police Officer Mark Green would testify that he obtained one latent fingerprint from the magazine of the firearm; (2) Mark Hardy would testify that the firearm he found in the car appellant was driving was in good operating condition and that the two spent shell casings found at 2566 Parkwood Avenue related to the December 20, 2003 incident involving Scott were fired from the same weapon; (3) Deputy Kroeger found a white opaque substance on appellant's person when he was slating him on April 3, 2004; (4) Meredith Sweeney would testify that the white opaque substance found on appellant's person was 1.2 grams of cocaine; and (5) on June 15, 2000, appellant was convicted of domestic violence, a felony of the fifth degree and vandalism, a felony of the fifth degree.
 {¶ 7} At the close of the State's case, the defense moved for an acquittal pursuant to Crim.R. 29, which was denied by the trial court. Thereafter, the defense rested without calling any witnesses and renewed its Crim.R. 29 motion, which was denied again by the trial court.
 {¶ 8} Following their deliberations, the jury found appellant guilty of the offenses related to the April 3, 2004 incident, including possession of cocaine with the accompanying firearm specification, and carrying a concealed weapon. Appellant waived his right to a trial by jury on the having weapons while under disability charge, and the case proceeded to a bench trial. The court found appellant guilty of having a weapon while under disability. The jury acquitted appellant of the charges related to the December 18, 2003 and December 20, 2003 incidents.[1]
 {¶ 9} On June 24, 2004, the trial judge imposed a sentence of six months of imprisonment for the drug count, and one year of imprisonment for the accompanying firearm specification. Further, the court imposed six months of imprisonment for the carrying a concealed weapon count and 11 months of imprisonment for having a weapon while under disability. The court ordered that the sentences for the drug count and carrying a concealed weapon be served concurrently with one another and the sentences for the firearm specification and the having a weapon while under disability were to run consecutive to the other counts. The aggregate sentence was two years and five months, with 83 days of jail time credit.
 {¶ 10} Appellant sets forth the following assignments of error for our review:
[I.] Appellant's right to effective assistance of counsel when trial counsel fails to move to suppress evidence from the search of his automobile and stipulates to testimony that drugs were recovered from the appellant.
[II.] The verdict is against the manifest weight of the evidence and the trial court erred in finding appellant guilty. this denied appellant a fair trial and due process of law as guaranteed by the united states constitution and article I, Section 10 of the Ohio Constitution.
[III.] There was insufficient evidence to convict appellant. This denied appellant of his right to a fair trial.
 {¶ 11} In his first assignment of error, appellant claims his counsel was deficient for withdrawing his motion to suppress evidence, and for stipulating to testimony that drugs were recovered on him at the jail.
 {¶ 12} In order to succeed on his claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Initially, appellant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by theSixth Amendment. Id. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
 {¶ 13} In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v.Louisiana (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83. However, an error by counsel, even if unreasonable under prevailing professional standards, does not warrant setting aside a judgment unless the error affected the outcome of the trial. Strickland at 691.
 {¶ 14} Thus, under the second prong of Strickland, appellant must show that counsel's deficient performance prejudiced the defense. Id. This factor requires showing that but for counsel's unprofessional errors, a reasonable probability existed that the result of the trial would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 15} In support of his first assignment of error, appellant claims that probable cause for the traffic stop by Haynes was never established in court. He argues that further inquiry into Haynes' reason for stopping him and the location of the firearm may have resulted in an acquittal of the firearm counts. Thus, appellant asserts that counsel did not properly protect his rights against unlawful search and seizure by not pursuing the motions to suppress evidence. In response, the State argues contra that appellant's claims that his trial counsel may have erred in her judgment are mere speculation, and thus insufficient to establish that she was deficient.
 {¶ 16} While addressing pre-trial motions in the present case, appellant withdrew his motion to suppress statements, evidence and identification:
I believe that prior to receiving discovery even, we filed an initial set of motions * * *. Motion to Suppress Evidence. On Friday I received sufficient evidence of the probable cause to withdraw that at this time.
Motion to Suppress Identification. We've reviewed that in length — at length, Mr. Krapenc and I have, and he's given me sufficient information and I have my client's permission as to all those motions to withdraw that as well.
(Tr. at 4.)
A review of the relevant law on these issues aids in our analysis of whether the motion to suppress evidence would not have been granted.
 {¶ 17} It is well-established that stopping an automobile, thus temporarily detaining its occupants, constitutes a seizure under theFourth Amendment of the United States Constitution. Delaware v. Prouse
(1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660. And, it is equally clear that the seizure of a person without the authority of a warrant is per se unreasonable, and therefore unconstitutional, unless an exception applies. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 19 L.Ed.2d 576. One such exception is commonly known as an investigative or Terry stop. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 18} Applicable to automobile seizures, the Terry exception permits a law enforcement officer to stop an individual if the officer, based upon specific and articulable facts, has reasonable suspicion of criminal activity. Terry, supra; Delaware, supra, at 654. No warrant is required to initiate a traffic stop if the police officer harbors a reasonable suspicion that a driver has violated a traffic law. City of Columbus v.Stanley (June 28, 2001), Franklin App. No. 00 AP-1128, 2001 Ohio App. LEXIS 2851, citing State v. Turner (Dec. 21, 2000), Franklin App. No. 00AP-248, 2000 Ohio App. LEXIS 6013; State v. Kuno (Nov. 6, 1997), Franklin App. No. 97APC04-497, 1997 Ohio App. LEXIS 5072.
 {¶ 19} Moreover, "the decision to stop an automobile has been adjudged reasonable, and thus constitutional, where the police have probable cause to believe that a traffic violation has occurred." State v. Grimsley,
Franklin App. No. 02AP-502, 2003-Ohio-514 at ¶ 8 citing Whren v.United States (1996), 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89; Daytonv. Erickson (1996), 76 Ohio St.3d 3, 1996 Ohio 431, 665 N.E.2d 1091, syllabus. Such probable cause arises when an officer actually observes the commission of a specific violation. Id.
 {¶ 20} With regard to the search of the vehicle, the inventory search of a lawfully impounded vehicle is an exception to the requirement under the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, which require police officers to obtain a warrant predicated on probable cause prior to conducting a search. See Katz v. United States (1967), 389 U.S. 347, 19 L.Ed.2d 576,88 S.Ct. 507; State v. Totten (Feb. 15, 2001), Franklin App. No. 00AP-535.
 {¶ 21} Here, the initial stop of the vehicle stemmed from a traffic violation. However, it was appellant's action in giving Haynes a false name that gave rise to probable cause to arrest. Providing false information to an officer is an offense for which Haynes had the ability to arrest appellant.[2] Haynes obtained statements from Long and Gibson and acted within his discretion in deciding not to arrest them. After the car was impounded, Haynes recovered the firearm pursuant to a lawful inventory search. We cannot find error in the decision by appellant's trial counsel to withdraw the motion to suppress, as it would have been proper for the trial court to deny the motion. Therefore, we find counsel was not deficient for failing to pursue a line of defense that would have been unsuccessful. See State v. Spencer, Franklin App. No. 03AP-579, 2004-Ohio-4102 (we can only conclude that if the motion had not been withdrawn, it would have been proper for the trial court to deny the motion to suppress identification evidence); State v. Edwards (Sept. 5, 2000), Franklin App. No. 99AP-958 (finding trial counsel was not ineffective in failing to pursue a motion to suppress evidence, as a review of the relevant case law revealed the motion would not have been granted).
 {¶ 22} Appellant further contends his trial counsel was deficient for stipulating to testimony that drugs were recovered from him while he was at the jail. Appellant asserts that his trial counsel should have cross-examined the officer as to the location of the cocaine or whether proper procedures were used to search appellant. However, "an appellate court reviewing an ineffective assistance of counsel claim must not scrutinize trial counsel's strategic decision to engage, or not engage, in a particular line of questioning on cross-examination." In re Brooks,
Franklin App. No. 04AP-164, 2004-Ohio-3887 at ¶ 40 citing State v.Revels, 12th Dist. No. CA2001-09-223, 2002-Ohio-4231, at ¶ 28. This is especially true when the record reveals no basis for us to conclude that cross-examination of the officer regarding the cocaine would have revealed any facts that would have demonstrated the officer at the jail did not follow the proper procedures to search appellant.
 {¶ 23} Appellant's trial counsel is entitled to a strong presumption that all of her decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267. Tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance of counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558, 1995 Ohio 104,651 N.E.2d 965. Based on the foregoing, we find appellant's trial counsel was not deficient. Accordingly, appellant's first assignment of error is overruled.
 {¶ 24} We address appellant's remaining assignments of error out of order. In appellant's third assignment of error, he argues that his convictions for carrying a concealed weapon and having a weapon while under disability were not supported by sufficient evidence.
 {¶ 25} The Supreme Court of Ohio outlined the role of an appellate court presented with a sufficiency of evidence argument in State v.Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560.
 {¶ 26} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541. In determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, supra, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356. Thus, a jury verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484,739 N.E.2d 749; State v. Jenks (1991), 61 Ohio St.3d 259, 273,574 N.E.2d 492.
 {¶ 27} In support of his argument his convictions were not supported by sufficient evidence, appellant contends that the evidence does not support a finding he was in possession of the firearm. Appellant points out that the firearm was recovered under the carpeting of the passenger side of the vehicle where either Long or Gibson was sitting. Appellant argues that neither Long nor Gibson was arrested for possession of the firearm because Haynes improperly assumed that the firearm belonged to appellant. Further, appellant asserts that the record does not contain any evidence that his fingerprint matched the fingerprint found on the firearm or that he owned the firearm. Appellant emphasizes that Haynes testified the tag on the clip had a price tag from Vance's Shooting Supply, yet no one questioned anyone from Vance's Shooting Supply to attempt to determine potential ownership of the firearm.
 {¶ 28} Appellant relies upon State v. Duganitz (1991),76 Ohio App.3d 363, 601 N.E.2d 642, in support of his argument that the evidence was insufficient to support his convictions for carrying a concealed weapon and having weapons while under disability. In Duganitz,
the police stopped a vehicle that the defendant was driving because the license plates were expired. The defendant quickly exited the vehicle but a front seat passenger remained in the car. After a pat-down search, the defendant was placed in the cruiser. The officer testified that a police dispatcher was watching the other passenger, but the dispatcher did not testify at trial. Cross-examination of the officer also revealed that there was approximately one minute during which the passenger was in the vehicle alone. The officer also testified that his attention during that minute was essentially on the appellant. Once the officer returned to the vehicle, he saw a blanket covering part of the front seat, under which he found a .38 caliber revolver. The defendant was arrested but the passenger was released.
 {¶ 29} The defendant was convicted after a bench trial of carrying a concealed weapon and having a weapon while under disability. In reversing, the Cuyahoga County Court of Appeals found the evidence insufficient to sustain the defendant's convictions, because the prosecution did not prove beyond a reasonable doubt that appellant knowingly carried or had a weapon. The court found that, since the defendant did not own the vehicle and the gun was found in a location between the passenger and the driver and the passenger was left alone for approximately one minute, it was not proven beyond a reasonable doubt that the defendant had knowingly carried or had the gun. As discussed, infra, we find Duganitz is factually distinguishable from this case, and that sufficient evidence exists to convict appellant of carrying a concealed weapon and having a weapon while under disability.
 {¶ 30} In the instant matter, appellant was convicted of violating R.C. 2923.12, which provides in relevant part:
R.C. 2923.12. Carrying concealed weapons.
(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:
(1) A deadly weapon other than a handgun;
(2) A handgun other than a dangerous ordnance;
(3) A dangerous ordnance.
Under R.C. 2923.12, "ready at hand" is defined as being within the defendant's immediate presence and of convenient access. State v. Hanks
(Oct. 31, 2000), Franklin App. No. 99AP-1289.
 {¶ 31} Appellant was also convicted of having a weapon while under disability, which provides in relevant part:
R.C. 2923.13 Having weapons while under disability
(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
 {¶ 32} In order to "have" a firearm under R.C. 2923.12 and 2923.13, one must either actually or constructively possess the firearm. State v.Ridley, Franklin App. No. 03AP-1204, 2005-Ohio-333 at ¶ 18, citing Statev. Hardy (1978), 60 Ohio App.2d 325, 327, 397 N.E.2d 773; State v.Messer (1995), 107 Ohio App.3d 51, 56, 667 N.E.2d 1022; State v.Dokes, Summit App. No. C.A. No. 21179, 2003-Ohio-728. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v. Wolery (1976), 46 Ohio St.2d 316, 329,348 N.E.2d 351, certiorari denied, 429 U.S. 932, 97 S.Ct. 339,50 L.Ed.2d 301. Constructive possession of a firearm exists when a defendant knowingly has the power and intention at any given time to exercise dominion and control over a firearm, either directly or through others. U.S. v. Clemis (C.A.6, 1993), 11 F.3d 597, certiorari denied,511 U.S. 1094, 114 S.Ct. 1858.
 {¶ 33} In this case, while reviewing the evidence in a light most favorable to the prosecution, Haynes testified that he stopped appellant for a traffic violation. Appellant was arrested after he identified himself as Canty. After further investigation of Long and Gibson, Haynes acted within his discretion in his decision not to arrest them, and such decision has no bearing on the guilt or innocence of appellant. After an inventory search of the vehicle, the firearm was found in between the console and the side of the passenger seat inside a piece of carpet that came up the side of the console. The gun was in close proximity to the gear shift. Thus, it appears that appellant had the ability to easily exercise dominion and control over the firearm, and a jury could properly conclude that appellant constructively possessed the firearm and kept it "ready at hand" inside the car. Although appellant contends that the record contains no evidence he owned the gun, ownership of the firearm is not an element of carrying a concealed weapon or having weapons while under disability.
 {¶ 34} Viewing the evidence in a light most favorable to the prosecution, the evidence adduced at trial provided a sufficient basis upon which the jury could reasonably conclude that appellant carried a concealed weapon while under a legal disability. Accordingly, appellant's third assignment of error is overruled.
 {¶ 35} In his second assignment of error, appellant argues his convictions for carrying a concealed weapon and having a weapon while under disability were against the manifest weight of the evidence.
 {¶ 36} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997 Ohio 52, 678 N.E.2d 541. The court of appeals, sits as a "thirteenth juror" and, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 20 OBR 215, 485 N.E.2d 717; see, also, Columbus v. Henry (1995),105 Ohio App.3d 545, 547-548, 664 N.E.2d 622. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "exceptional case in which the evidence weighs heavily against the conviction." Thompkins, supra, at 387.
 {¶ 37} "While the jury may take note of the inconsistencies and resolve or discount them accordingly, see DeHass, [(1967),10 Ohio St.2d 230, 39 O.O. 2d 366, 227 N.E.2d 212], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." State v. Nivens (May 28, 1996), Franklin App. No. 95 APA09-1236, 1996 Ohio App. LEXIS 2245. It was within the province of the trial court to make the credibility decisions in this case. State v. Lakes (1964), 120 Ohio App. 213, 217, 201 N.E.2d 809
("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness"); State v. Harris (1991), 73 Ohio App.3d 57, 63,596 N.E.2d 563 (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight). Determinations of credibility and weight of the testimony remain within the province of the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 38} In support of his argument that his convictions are against the manifest weight of the evidence, appellant does not challenge the credibility of the witnesses at trial, but merely reiterates his arguments related to the sufficiency of the evidence. After reviewing the entire record, we find nothing to indicate the jury clearly lost its way or that any miscarriage of justice resulted as to require a new trial. Consequently, we find appellant's conviction for carrying a concealed weapon and having a weapon while under disability were supported by the manifest weight of the evidence. Accordingly, appellant's second assignment of error is overruled.
 {¶ 39} For the foregoing reasons, appellant's first, second and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Petree, J., concur.
[1] As appellant was acquitted of these charges, this opinion does not address the facts presented at trial relevant to those offenses.
[2] R.C. 4513.361 provides: (A) No person shall knowingly present, display, or orally communicate a false name, social security number, or date of birth to a law enforcement officer who is in the process of issuing to the person a traffic ticket or complaint. (B) Whoever violates this section is guilty of a misdemeanor of the first degree. See, also, R.C. 2921.13, which provides in relevant part: (A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies: (1) The statement is made in any official proceeding. * * * (3) The statement is made with purpose to mislead a public official in performing the public official's official function. * * * (F) (1) Whoever violates division (A)(1) * * * [or] (3) * * * of this section is guilty of falsification, a misdemeanor of the first degree.