[Cite as *In re T.O.B.*, 2023-Ohio-4523.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the matter of: | : | |
| | | No. 23AP-337 |
| [T.O.B.], | : | (C.P.C. No. 22JU-2648) |
| Adjudicated Delinquent Child, | : | (REGULAR CALENDAR) |
| Appellant. | : | |

_____

D E C I S I O N

Rendered on December 12, 2023

_____

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *David K. Greer*, for appellant. **Argued:** *David K. Greer*.

_____

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

LELAND, J.

{¶ 1} Defendant-appellant, T.O.B., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling his objections to the magistrate's decision that adjudicated him a delinquent minor for committing the offense of improperly handling a firearm in a motor vehicle.

**I. Facts and Procedural History**

{¶ 2} On March 15, 2022, prosecutors filed a complaint in the juvenile branch against appellant, a minor, alleging he had a loaded firearm in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree. Appellant entered a denial against this charge on March 16, 2022. The trial court referred the case to a magistrate pursuant to Juv.R. 40.

{¶ 3}   On August 25 and 26, 2022, the magistrate conducted a bench trial in which three witnesses testified on behalf of plaintiff-appellee, State of Ohio: Officer Joshua Bell, Officer Harry Dorsey, and Detective Jerry Orick.  Officer Bell testified he had been a police officer for the city of Columbus for six and one-half years.  He recounted that on the evening of March 15, 2022, he was on patrol with Officer Dorsey when they observed a vehicle at a gas station with only one working headlight and two young passengers inside.  The officers initiated a traffic stop and placed the driver under arrest for failing to produce a valid driver's license.  Once a third officer arrived to help inventory and impound the vehicle, officers removed the two passengers, appellant and his twin brother, from the vehicle. Officer Bell clarified he "believe[d]" appellant had been seated in the second row behind the driver's seat. (Aug. 25, 2022 Tr. at 24.)  Officer Bell described the vehicle as a typical four-door "passenger car" with two front seats separated by a center console and bench seating in the second row.  (Aug. 25, 2022 Tr. at 24.)  As officers inventoried the vehicle, Officer Bell observed through the ajar front passenger side door a firearm underneath the passenger seat.  At this point, the officers separated the two minors, handcuffing them while they investigated the firearm found in the vehicle.  Appellant and his twin brother were transported separately to police headquarters for questioning from the Columbus Police Gun Crimes Unit.

{¶ 4}   Officer Dorsey, a patrol officer for the city of Columbus for over 11 years, testified next.  He recounted the same course of events as Officer Bell.  Officer Dorsey was on patrol with his partner, Officer Bell, when they observed a vehicle with only one working headlight and a loud muffler.  The officers then conducted a traffic stop, during which the vehicle's driver admitted he had no valid driver's license, an "arrestable offense in the State of Ohio." (Aug. 25, 2022 Tr. at 32.)  Officer Dorsey confirmed the traffic stop occurred in Franklin County, Ohio. As the officers arrested the driver, they noticed "drug paraphernalia in the vehicle and on the driver's person," so they performed a search of the vehicle. (Aug. 25, 2022 Tr. at 33.) This required the removal of the two passengers from the vehicle, though they were not placed under arrest at that point.  Officer Dorsey attested to the reliability of his police report insofar as it confirmed appellant had been seated in the back seat of the vehicle.  The search of the vehicle produced what Officer Dorsey identified as a "semi-automatic handgun" under the front passenger seat.  (Aug. 25, 2022 Tr. at 36.)  Like

Officer Bell's testimony, Officer Dorsey confirmed the vehicle in question was an ordinary sedan passenger vehicle with two individual front seats separated by a center console, with bench seating in the back row. When pressed about appellant's ability to access the firearm in its location under the front passenger seat, Officer Dorsey testified that climbing and stretching over the center console is "not the only way" to access the firearm "without getting out of the car" because "they could pass the handgun back and forth. * * * [T]here's not a wall in between" the front and back rows of the vehicle. (Aug. 25, 2022 Tr. at 47.) In response to a hypothetical situation in which appellant could not have assistance from another passenger, Officer Dorsey explained appellant "would have to physically move around quite a bit in order to get the gun to where it was located." On redirect examination, Officer Dorsey further noted it was possible appellant could have reached under the passenger seat to retrieve the firearm, and therefore it was possible for him to retrieve the firearm without exiting the vehicle. Officer Dorsey described the firearm as "accessible" to appellant. (Aug. 25, 2022 Tr. at 54.)

{¶ 5} Next, because the detective who interviewed appellant was unable to testify, the parties instead agreed to play the audio recording of the detective's interview with appellant. At one point in the interview, appellant admitted he "did touch the gun a couple of times" while in the vehicle en route to his brother's house. (Aug. 26, 2022 Tr. at 24.) Appellant testified his twin brother, the other passenger, had handed him the firearm while they were in the vehicle. Relatedly, police inventory records from this incident indicate police recovered the semi-automatic handgun as well as ammunition. Detective Orick, a Columbus Police Detective specializing in the analysis of firearms, testified the firearm recovered from the vehicle was operable.

{¶ 6} Counsel for appellant declined to call any witnesses and the parties proceeded with closing arguments. On August 26, 2022, the magistrate orally adjudged appellant delinquent for the offense of improperly having a loaded firearm in a motor vehicle, in violation of R.C. 2923.16(B), a felony of the fourth degree. On October 5, 2022, the magistrate entered a decision into the record finding appellant delinquent. On November 10, 2022, the magistrate entered an order requiring appellant to complete 24 hours of community service by December 7, 2022.

{¶ 7} Appellant filed an objection to the magistrate's decision on October 13, 2022, which was supplemented by filings on November 17 and December 9, 2022. The state opposed the objections to the magistrate's decision. On May 16, 2023, the trial court overruled appellant's objections and related filings and adopted the magistrate's findings. The trial court concluded the state proved beyond a reasonable doubt appellant had a loaded firearm in a motor vehicle in violation of R.C. 2923.16(B).

{¶ 8} Appellant timely appealed.

## II. Assignments of Error

{¶ 9} Appellant presents the following two assignments of error for our review:

> I. The trial court erred in merging the facts of two separate events to supply the elements of its delinquency finding when the evidence was otherwise insufficient.

> II. The trial court erred in finding appellant delinquent when there was no evidence of venue, during the time he touched the gun.

## III. Analysis

### A. Appellant's First Assignment of Error

{¶ 10} In his first assignment of error, appellant argues the evidence was insufficient to find he violated R.C. 2923.16(B).

{¶ 11} We review the sufficiency of the evidence using one standard for both juvenile delinquency adjudications and adult criminal cases. *In re C.S.*, 10th Dist. No. 11AP-667, 2012-Ohio-2988, ¶ 23, citing *In re D.R.*, 10th Dist. No. 05AP-492, 2006-Ohio-5205. "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict. * * * Whether the evidence is legally sufficient to support a verdict is a question of law." *State v. Jordan*, 10th Dist. No. 11AP-691, 2012-Ohio-1760, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "In determining whether the evidence is legally sufficient to support a conviction, [t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal quotations omitted.) *State v. Williams*, 10th Dist. No. 19AP-516, 2021-Ohio-1639, ¶ 15, quoting *State v. Cervantes*, 10th Dist. No. 18AP-505, 2019-Ohio-1373, ¶ 24, quoting *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34,

quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. The appellate court first presumes the truth of the state's evidence and then determines whether it supports the conviction. *Id.* at ¶ 16, citing *State v. Kurtz*, 10th Dist. No. 17AP-382, 2018-Ohio-3942, ¶ 16, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80. Even the testimony of one witness relied upon by the trier of fact may be enough to support a conviction. *Id.*, citing *State v. Patterson*, 10th Dist. No. 15AP-1117, 2016-Ohio-7130, ¶ 33, citing *State v. Strong*, 10th Dist. No. 09AP-874, 2011-Ohio-1024, ¶ 42.

{¶ 12} Ohio law prohibits the improper handling of a firearm in a motor vehicle: "No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle." R.C. 2923.16(B). In this case, appellant was adjudged delinquent for "hav[ing]" a loaded firearm. "To 'have' a gun, 'one must either actually or constructively possess' it." *State v. Banks*, 10th Dist. No. 11AP-592, 2012-Ohio-1420, ¶ 5, quoting *State v. Dorsey*, 10th Dist. No. 04AP-737, 2005-Ohio-2334, ¶ 32. " 'Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession.' " *Dorsey* at ¶ 32, quoting *State v. Wolery*, 46 Ohio St.2d 316, 329 (1976). "Constructive possession of a firearm exists when a defendant knowingly has the power and intention at any given time to exercise dominion and control over a firearm, either directly or through others." *Id.*, citing *United States. v. Clemis*, 11 F.3d 597 (6th Cir.1993).

{¶ 13} In this case, appellant was seated in the back row of the vehicle on the driver's side, whereas the loaded firearm was recovered from underneath the front passenger's seat. Although appellant did not have actual possession of the firearm at the time of the traffic stop, the record shows appellant told police he "did touch the gun a couple of times" that night while in the vehicle on the way to his brother's house. (Aug. 25, 2022 Tr. at 24.) Appellant's twin brother handed the firearm to appellant as appellant sat in the back seat. By appellant's own admission, he could access the firearm simply by asking his twin brother to hand it back to him, and in fact that very scenario occurred "a couple of times" in the vehicle that same night. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found appellant had constructive possession over the loaded firearm at the time of the traffic stop. *See State v. Philpott*, 8th Dist. No. 109173,

2020-Ohio-5267, ¶ 48 ("To establish constructive possession, there must be evidence that the person exercised or had the power to exercise dominion and control over the object."), and *State v. Phillips*, 10th Dist. No. 14AP-79, 2014-Ohio-5162, ¶ 121, quoting *Dorsey* at ¶ 32 (*Dorsey* formulation of constructive possession that includes access to a firearm " 'through others' "). The evidence was thus sufficient to support the trial court's finding that appellant had access to a loaded firearm "without leaving the vehicle." R.C. 2923.16(B). The record, therefore, contains evidence that is legally sufficient to support appellant's delinquency adjudication.

{¶ 14} Appellant further argued R.C. 2923.16(B) requires prosecutors to prove appellant knew the firearm was loaded, rather than requiring only that they show appellant knowingly had the weapon in his possession. Whether or not R.C. 2923.16(B) actually requires proof appellant knew the gun was loaded, the record in this case contains sufficient evidence to meet this standard. Appellant admitted to handling the firearm multiple times in the vehicle before it was pulled over; he had constructive possession of the firearm at the time of the traffic stop; and it was loaded when discovered by police. Because "proving knowledge beyond a reasonable doubt can be difficult[,] * * * the state can prove knowledge through either direct or circumstantial evidence." *State v. Jordan*, ___ Ohio St.3d ___, 2023-Ohio-3800, ¶ 26, citing *Flores-Figueroa v. United States*, 556 U.S. 646, 655 (2009), and *McFadden v. United States*, 576 U.S. 186, 192 (2015), fn. 1. The factfinder "may rely on circumstantial evidence to reasonably infer an offender's knowledge." *Id.*, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984), and *Rehaif v. United States*, 139 S.Ct. 2191, 2198 (2019); *State v. Robinson*, 10th Dist. No. 17AP-853, 2019-Ohio-558, ¶ 53. Viewing the evidence in a light most favorable to the prosecution, including "the direct and circumstantial evidence presented, along with the reasonable inferences to be drawn therefrom," the evidence presented was sufficient to support the trial court's conclusion that appellant knew the firearm was loaded. *Robinson* at ¶ 53. For that reason, even if the statute required knowledge the gun was loaded, the trial court did not err in finding appellant violated R.C. 2923.16(B).

{¶ 15} Accordingly, we overrule appellant's first assignment of error.

**B.  Appellant's Second Assignment of Error**

{¶ 16} In his second assignment of error, appellant argues the trial court erred in adjudging appellant delinquent when there was no evidence the purported criminal activity occurred in Franklin County.

{¶ 17} There was, in fact, evidence the criminal activity in this case occurred in Franklin County.  (Aug. 25, 2022 Tr. at 33.)  In his testimony, Officer Dorsey confirmed the traffic stop occurred in Franklin County, Ohio.  Due to our above determination that appellant had constructive possession of the loaded firearm at the time of the traffic stop, the trial court reasonably concluded the violation of R.C. 2923.16(B) occurred in Franklin County.

{¶ 18} Accordingly, we overrule appellant's second assignment of error.

## IV. Conclusion

{¶ 19} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.